409 P.2d 116

Robert L. GEE and Alberta C. Gee, His Wife, Plaintiffs-Respondents,

v.

Floyd WEST, Tax Collector, for the State of Idaho, Defendant-Appellant.

No. 9712.

Supreme Court of Idaho.

Dec. 24, 1965.

McCarthy & Adams, Lewiston, Charles T. Sharp, Clarkston, Wash., for plaintiffs-respondents.

Allan G. Shepard, Atty. Gen., and William M. Smith, Asst. Atty. Gen., Boise, for defendant-appellant.

McFADDEN, Justice.

During the times involved herein, Robert L. Gee and Alberta C. Gee, husband and wife, the plaintiffs, resided at and were domiciled in Clarkston, Washington. Mr. Gee was employed by the Camas Prairie Railroad as a conductor of a train made up at Lewiston, Idaho; this train's daily run was from Lewiston, Idaho, to Raparia, Washington, of which daily run 6 miles was in Idaho and 141 miles in Washington. Mr. Gee left Lewiston in the morning, where he received his orders, and returned there at the end of the run.

During 1963, except for some interest received, plaintiffs' sole income was from

his earnings, and his employer withheld from his wages the sum of $307.44 for Idaho Income Tax purposes, reporting all his wages as being subject to the Idaho Tax. In their 1963 income tax return, the plaintiffs allocated their income between Idaho and Washington, which allocation was based upon the respective mileage and time spent by Mr. Gee in the respective States. On their tax return on the basis of such allocation they claimed they owed only $39.39 taxes due the State of Idaho, and that they were entitled to a refund of $268.05 on the sum withheld. The defendant Tax Collector denied this claim and demanded an additional $127.57, as being due. A deficiency notice was sent to the plaintiffs for the sum of $127.57, plus interest, which plaintiffs paid under protest. The basis of the Tax Collector's claim of deficiency and denial of the allocation of income between the two states was his conclusion that Mr. Gee's sole business situs was in Idaho and hence all his income from services was subject to the Idaho tax.

Plaintiffs brought this action against the defendant Tax Collector for a refund of $268.05, plus the sum paid under protest as a deficiency, with interest. The defendant Tax Collector answered the plaintiffs' complaint, and both parties moved for summary judgment, which motions were based on the pleadings and affidavits filed by the respective parties. The trial court determined that the plaintiffs had properly allocated their income between the two states, and granted the plaintiffs' motion for summary judgment, and entered judgment accordingly in the amount prayed for by their complaint. From this judgment this appeal has been taken.

The trial court's findings of fact recited the facts as outlined by the pleadings and affidavits of the parties, and held by the conclusions of law, among other things, that Mr. Gee had a business situs both in the State of Idaho, and State of Washington. By his assignments of error, the defendant challenges this conclusion that plaintiffs were entitled to allocate their income between the two states.

At the outset, it must be noted that this case arises under the Idaho Income Tax statutes as they existed prior to amendment in 1965.

Pertinent portions of the statutes involved are:

I.C. § 63–3002 (1959, ch. 299, § 2, p. 616):

"Declaration of intent.—It is the intent of the Legislature by the adoption of this act: * * * to impose a tax on residents of this state measured by taxable income wherever derived and on the income of non-residents which is the result of activity within or derived from *sources* within this state." (Emphasis added).

I.C. § 63–3024 (1959, ch. 299, § 24, p. 620):

"Individuals' tax and tax on estates and trusts.—A tax is hereby imposed for each taxable year commencing on and after January 1, 1959, * * * upon that part of the taxable income of any non-resident individual, * * * derived from *sources* within the state of Idaho as set forth in Section 27 (I.C. § 63–3027) hereof, * * *." (Emphasis supplied).

I.C. § 63–3027 (1961, Ch. 328, § 10, p. 628):

"(a) In computing the taxable income of a non-resident person with business situs in this state * * * income realized from or derived from *sources* within this state includes: * * * (3) Compensation for labor or personal services performed *in the state.* * * *

"(b) * * *

"(c) In the case of items of income derived from sources partly within and partly without the state, including income from transportation or *other services rendered partly within and partly without the state* * * * the portion of taxable income may be determined by processes or formulas of general apportionment prescribed herein.

"(d) Allocation: If the taxpayer's total income is derived from *sources* both within and without the state of Idaho, and the part within is so separate and distinct from and unconnected from the part without that the taxable income within can be determined without regard to the part without, then the part *without* the state of Idaho shall not be considered in computing the tax imposed hereunder." (Emphasis supplied).

I.C. § 63–3023 (1961, Ch. 328, § 6, p. 626) states:

"The term 'business situs' shall include * * * working for salary or wages, * * * or any other activity from which income is received, realized or derived from Idaho *sources* * * *." (Emphasis supplied).

In this appeal both parties rely on the case of Barraclough v. State Tax Commissioner, 75 Idaho 4, 266 P.2d 371, for their respective positions. That case dealt solely with a resident of this state.

The Supreme Court in the Barraclough case, supra, defines the word "sources" as follows:

"The word 'sources' when used in statutes dealing with sources of income as compensation for personal services has reference not to the person or entity paying for the services, *but to*

*the location where the services are performed."* 75 Idaho at page 10, 266 P.2d at page 374. (Italics supplied.) and continuing:

"It is generally held that if the income is compensation for labor or services, the place where the labor is performed or services rendered is decisive as being the source of the income." 75 Idaho at page 10, 266 P.2d at page 374.

The appellant contends that respondent's income is exempt only if he can show that he has a business situs outside the State of Idaho. The Supreme Court in the Barraclough case pointed out that this applies to a resident of the State of Idaho who is attempting to exclude a portion of his income earned outside the state. The language of the court is:

"The income of a nonresident for personal services performed within the state to the extent that he has a *business situs* within the state is to be treated as taxable income. On the other hand, the income of a resident for personal services performed outside the state to the extent that he has a *business situs* outside the state is to be exempt from taxation by the state. * * *" 75 Idaho at page 11, 266 P.2d at page 375. (Italic words by the Court.)

Reading I.C. §§ 63–3002, 63–3023, 63–3024 and 63–3027(a) (3) and (c) and (d), together in the light of the Barraclough case, shows that the intent of the Legislature was to tax only the amount of income a nonresident received as compensation for labor or personal services · performed in Idaho, and derived from Idaho sources. However, it should be noted that we are not confronted with the issue of whether or not a business situs was or was not established in Idaho or Washington, because I.C. §§ 63–3002, 63–3024, and § 63–3027(c) and (d) supra, do not deal with the question of business situs. The criterion as set forth by § 63–3027(c) and (d) (which authorizes the allocation of income derived from sources partly within and partly without this State) is—where the labor was performed or services rendered The trial court's conclusion that Mr. Gee had a business situs both in Idaho and in Washington is immaterial, for the issue of business situs is not controlling here, as Mr. Gee, whose residence was outside this State, derived his income for services rendered partly within and partly without this state.

Under the provisions of I.C. § 63–3027(c) and (d), plaintiffs properly allocated their income. The judgment for plaintiffs is *affirmed.*

Costs to respondents.

McQUADE, C. J., TAYLOR and KNUDSON, JJ., and WEBB, D. J., concur.

WEBB, District Judge, I concur in the Court's opinion and present these additional reasons for my conclusion.

I see ambiguity in the pre-1965 statutes applicable to the taxation of the income of non-residents. If we compare, in determining the definition of "sources", the key word in the statutes, the proposition of location where labor is performed with the proposition of location of the compensation paying institution, we rightly conclude that the legislature must have meant the former. Barraclough v. State Tax Commissioner, 75 Idaho 4, 10, 266 P.2d 371. But; if we compare the first proposition with a proposition of location of the sole "business situs" or, if you prefer, the location of the "base of operations" for the day's work, it is not nearly so easy to find the legislative intent from the statutes themselves. Fortunately, we are not this limited.

It is recognized law in this State that when a statute is amended, it is presumed that the legislature intended a different meaning from the statute before its amendment. Pigg v. Brockman, 79 Idaho 233, 244, 314 P.2d 609 (1957); Wellard v. Marcum, 82 Idaho 232, 239, 351 P.2d 482 (1960); Messenger v. Burns, 86 Idaho 26, 382 P.2d 913 (1963). This rule of statutory construction is helpful not only in determining the meaning of the new law but also in interpreting the old. 82 C.J.S. Statutes § 384, p. 899, Houck & Sons v. Ellis, 229 Or. 21, 366 P.2d 166, 170 (Oregon 1961). As the Oregon Court there states:

" * * * any essential change in the phraseology of a statutory provision indicates an intention on the legislature's part to change the meaning of such provision rather than to interpret it." Id., p. 171.

In our case, there is not only a wholesale change in the wording of the new law (63–3027, I.C.) but there is a statement by the legislature that change is exactly what they intended:

" * * * amending section 63–3027, Idaho Code, *to change* the method of allocating and taxing income from multi-state business operations." (Emphasis supplied). S.L.I., 1965, c. 254, p. 639.

In the new law it is precisely stated that the income of a non-resident will be taxed where:

"* * * (3) some of the service is performed in the state and (i) the base *of operations* * * * is in the state * * *." 63–3027(n) (3).

It follows, then, that if we now tax all of the income of a taxpayer in the plaintiff's situation, and if the new law is a change,

we did not previously determine his taxable income dependent upon a "base of operations". Therefore, the first proposition was, before 1965, the correct one.

Moreover, I think it can be correctly said that the power of a state to tax the incomes of non-residents should be exercised only to the extent that the legislature clearly and unambiguously authorizes it. A court certainly ought not to extend the power of taxation beyond that necessarily contemplated by the legislature. To adopt the Tax Collector's position in this case would be to do exactly that. The resolution of ambiguities in this area ought to be in favor of the taxpayer, not the state.