799 P.2d 964

Edward J. & Katherine MOSES, husband and wife, Plaintiffs–Appellants,

v.

IDAHO STATE TAX COMMISSION, Defendant–Respondent.

Frank C. and Jeannine CLARK, Jr., Plaintiffs–Respondents,

v.

IDAHO STATE TAX COMMISSION, Defendant–Appellant.

Nos. 18079, 18423.

Supreme Court of Idaho.

Aug. 1, 1990.

Rehearing Denied Nov. 9, 1990.

Cumer L. Green (argued), Green Law Offices, Boise, for plaintiffs-appellants.

Jim Jones, Atty. Gen., Lenard L. Wittlake, Deputy Atty. Gen. (argued), Boise, for defendant-respondent.

McDEVITT, Justice.

These cases have been consolidated into one appeal as the salient facts arise from the same "target" audit and the legal issues are virtually identical. In 1985, both the Moseses and the Clarks lived in Clarkston, Washington, and both Mr. Moses and Mr. Clark worked for Potlatch Corporation ("Potlatch") in Lewiston, Idaho. Both families filed 1985 Idaho income tax returns that utilized I.C. §§ 63–3024 and 63–3027A. These statutory provisions governed the method of computing the Idaho income tax imposed on nonresidents. In 1985, the Idaho Legislature amended I.C. § 63–3027A. The taxpayers contend that the 1985 version of I.C. § 63–3027A allowed them an additional reduction in the tax that I.C. § 63–3024 imposes on non-residents (hence the term "double-dip"). In 1988, the legis-

lature once again amended I.C. § 63–3027A and returned it to its pre–1985 status.

Both Moses and Clark were members of a group of Potlatch Corporation employees who were subject to a "target" audit by the Idaho State Tax Commission. This group was audited in the winter of 1987, and subsequently issued notices of default determination proposing additional income tax and interest. Many of the Potlatch taxpayers, including Moses and Clark, filed a protest and petition for redetermination. The Tax Commission affirmed the audits of both Moses and Clark, assessed tax, and updated the interest. The taxpayers sought judicial review pursuant to I.C. § 63–3049.

In the Moses case, Fourth District Judge Newhouse ultimately granted the Tax Commission's motion for partial summary judgment on the issue of computing taxes. In the Clark's case, Fourth District Judge McKee granted the Clarks' motion for summary judgment on the same question. The Moseses appeal from Judge Newhouse's summary judgment and the Tax Commission appeals from Judge McKee's summary judgment.

## ISSUES PRESENTED IN
## EACH APPEAL

The issue of law presented for determination by this Court is whether the district courts erred in their interpretation of I.C. §§ 63–3024 and 63–3027A. Since the only issue raised is a question of law, the Court's standard of review is free review of the decisions of the district courts. *Clark v. St. Paul Property & Liability Ins. Co.*, 102 Idaho 756, 639 P.2d 454 (1981).

## CONSTRUCTION OF
## APPLICABLE STATUTES

The Idaho Code sections in effect during the tax year commencing January 1, 1985 (which is the only tax year in question) read as follows:

**63–3024. Individuals' tax and tax on estates and trusts.—**A tax is hereby imposed for each taxable year commencing on and after January 1, 1976, upon every resident individual, trust or estate which shall be measured by his or its taxable income, and upon that part of the taxable income of any nonresident individual, trust or estate derived from sources within the state of Idaho computed as required by section 63–3027A, Idaho Code.

**63–3027A. Computing tax of part-year or nonresident individuals, trusts and estates.—**In computing the tax of a part-year or nonresident individual, trust or estate, the tax imposed by section 63–3024, Idaho Code, shall be reduced to the proportion that the adjusted gross income of the taxpayer from Idaho sources bears to the total adjusted gross income from all sources.

Prior to 1985, I.C. § 63–3027A had provided as follows:

**63–3027A. Computing taxable income of part-year or nonresident individuals, trusts and estates.—**

(a) In computing the taxable income of a part-year or nonresident individual, trust or estate, the zero bracket amounts or nonbusiness deductions as allowed by the Internal Revenue Code, if applicable, and the exemptions as defined in section 151 of the Internal Revenue Code shall all be allowed in the proportion that the adjusted gross income of the taxpayer from Idaho sources after the additions thereto and deletions therefrom specified in sections 63–3022(a), (c), (d), (g) and (j) and 63–3022B, 63–3022C and 63–3022D, Idaho Code, bears to the total adjusted gross income from all sources before any deductions therefrom. The adjusted gross income, as used in this section, shall mean adjusted gross income as defined in section 62 of the Internal Revenue Code.

(b) Idaho adjustments to income necessary in computing Idaho adjusted gross income or total Idaho adjusted income shall be based on:

(1) Whether or not the adjustment related to the production of income reported to Idaho; or

(2) Whether or not the income was received, the expense was paid or the event of tax consequence occurred while a part year resident of Idaho; or

(3) Any other appropriate basis for making the adjustment. The specific adjustments necessary under this section shall be detailed and explained in regulations adopted by the state tax commission.

Following the amendment to I.C. § 63–3027A, the Idaho State Tax Commission adopted Regulation 14 which provides as follows:

b. Computation Requirements.—

i. Any "nonresident" who has income from sources within Idaho ... shall compute the tax on taxable income as required for Idaho residents under § 63–3024, Idaho Code.

ii. The tax as computed shall be reduced by the proportion that adjusted gross income from Idaho sources bears to adjusted gross income from all sources....

The Tax Commission argues that I.C. § 63–3024 in effect for the tax year 1985 simply imposes the Idaho income tax and does not provide a method of computation of tax on nonresidents. The Commission furthers argues that I.C. § 63–3027A in effect for the tax year 1985 provides that the method of computation of tax on non-residents was to be found in I.C. § 63–3027A and *not* in I.C. § 63–3024.

Alternatively, the Tax Commission argues that if its position in the interpretation of the code sections is not adopted, then this Court should determine that the code sections are ambiguous and construe the intent of the legislature in amending I.C. § 63–3027A for the applicable 1985 tax year.

The taxpayers' position is that I.C. § 63–3024 imposes a tax on nonresidents and limits the application of the tax so imposed to that portion of "taxable income" derived from Idaho sources, and refers to I.C. § 63–3027A for the purpose of instructing the manner of the computation of the tax imposed on the nonresident's Idaho taxable income. The thrust of the taxpayers' argument is that I.C. § 63–3024 imposes a tax and that I.C. § 63–3027A neither imposes a tax or calculates income, but sets forth the formula to be employed to reduce the tax that has been imposed on that nonresident taxpayer by I.C. § 63–3024.

## STANDARD FOR JUDICIAL INTERPRETATION OF STATUTES

A long established rule of statutory construction in Idaho was expressed by this Court in *Ottesen v. Board of Com'rs. of Madison County,* 107 Idaho 1099, 695 P.2d 1238 (1985):

"[t]his Court has consistently adhered to the primary canon of statutory construction that where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction."

*Ottesen,* 107 Idaho at 1100, 695 P.2d at 1239, quoting *Worley Highway Dist. v. Kootenai County,* 98 Idaho 925, 928, 576 P.2d 206, 209 (1978).

This so called "plain meaning" rule has also been expressed as follows:

[U]nless the result is palpably absurd, the courts must assume that the legislature meant what it said. Where a statute is clear and unambiguous the expressed intent of the legislature must be given effect.

*State, Dept. of Law Enforcement v. One 1955 Willys Jeep,* 100 Idaho 150, 153, 595 P.2d 299, 302 (1979). *See also State v. Ankney,* 109 Idaho 1, 704 P.2d 333 (1985); *Anstine v. Hawkins,* 92 Idaho 561, 447 P.2d 677 (1968); *Herndon v. West,* 87 Idaho 335, 393 P.2d 35 (1964); *John Hancock Mut. Life Ins. Co. v. Neill,* 79 Idaho 385, 319 P.2d 195 (1957).

An exception to this plain meaning rule, as stated in *State, Dept. of Law Enforcement v. One 1955 Willys Jeep,* 100 Idaho at 150, 595 P.2d at 299, is if the result of reading the statute as written by the legislature would obtain a "palpably absurd" result.

■ Idaho Code § 63–3024 is entitled "Individuals' tax and tax on estates and trusts," clearly expressing the subject matter of that code section. In plain language, § 63–3024 states: "tax is hereby imposed for each taxable year commencing on and after January 1, 1976, upon every resident individual, trust or estate which shall be measured by his or its taxable income, ..." The balance of the code section deals with nonresidents, at issue in these cases, and in conjunction with the rest of § 63–3024 would read as follows: [a tax is hereby imposed for each taxable year commencing on and after January 1, 1976] "upon that part of the taxable income of any nonresident individual, trust or estate derived from sources within the state of Idaho computed as required by section 63–3027A Idaho Code."

The plain meaning of I.C. § 63–3024 is to impose a tax on nonresidents upon that "part of the taxable income ... derived from sources within the state of Idaho."

This Court has unequivocally defined the word "sources" as referring not to the person or entity paying, but to the location where the services are performed or the money is earned. *Blangers v. State, Dept. of Revenue & Taxation,* 114 Idaho 944, 763 P.2d 1052 (1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989); *Gee v. West,* 90 Idaho 173, 409 P.2d 116 (1965); *Barraclough v. State Tax Commission,* 75 Idaho 4, 266 P.2d 371 (1954). So, clearly the tax imposed on non-residents under I.C. § 63–3024 is limited to that part of the taxable income of the non-resident earned in Idaho.

The foregoing portion of I.C. § 63–3024 is clear and does, in and of itself, impose a tax on a described portion of income of nonresidents. It would need no further statutory assistance if that were all it was to do. The code section does, however, provide that the tax imposed therein is to be "computed as required by section 63–3027A, Idaho Code."

Turning our attention to the applicable provisions of I.C. § 63–3027A for the tax year 1985, that section describes its function as "computing tax of part-year or nonresident individuals, trusts and estates." This section then, in its plain language, establishes a computation method or formula for arriving at the tax to be paid that has been imposed by I.C. § 63–3024.

The operative provisions of that section for the purposes of this matter are as follows: "[T]he tax imposed by section 63–3024, Idaho Code, shall be reduced to the proportion that the adjusted gross income of the taxpayer from Idaho sources bears to the total adjusted gross income from all sources." The plain meaning of the section provides for a reduction or diminution of the tax imposed by I.C. § 63–3024. The amount of reduction is to be to that portion that the taxpayer's Idaho adjusted gross income bears to the taxpayer's total adjusted gross income, which would result in a fraction by which the tax imposed by I.C. § 63–3024 would be computed. The Idaho earned adjusted gross income would represent the numerator and the total taxpayer's adjusted gross income would represent the denominator.

The result would be as follows:

_____ Idaho Source Adjusted Gross Income
_____ Less Excess Itemized Deductions
_____ Less Exemptions
_____ Plus State Income Taxes if Itemized Deduction

1 _____ Idaho Taxable Income (I.C. §§ 63–3024 & 63–3022)
2 _____ Tax (I.C. § 63–3024)
2 X _____ % Idaho Source Adjusted Gross Income
All Sources Adjusted Gross Income
(I.C. § 63–3027A)

= Idaho Tax

## THE LITERAL READING OF I.C. §§ 63–3024 AND 63–3027A DO NOT LEAD TO PALPABLY ABSURD RESULT

The plain language of I.C. §§ 63–3024 and 63–3027A, when taken together, does limit the imposition of the tax as it pertains to nonresidents to that taxpayer's Idaho source income and then reduces the tax so imposed by the application of I.C. § 63–3027A by the proportion that the taxpayer's Idaho source adjusted gross income bears to that taxpayer's total adjusted gross income. The Tax Commission urges that such a determination or "double-dip" is palpably absurd and that this Court should look to the intent of the legislature rather than adopting the plain meaning of those statutes.

There are numerous reasons why the legislature might determine to deal differently with the nonresident taxpayers than it does with resident taxpayers. We need not attempt to divine the thought process of the legislature when the statutes themselves are clear. The legislature amended I.C. § 63–3027A in 1985 from a statute that provided for "computing *taxable income* of part-year or nonresident individuals, trusts and estates" to one of "computing *tax* of part-year or nonresident individuals, trusts and estates," with "computing taxable income" changed to "computing tax" throughout that code section. The legislature clearly enacted a significant amendment to an existing statute, completely changing the effect of that statute. The rule of this Court has long been that "where an amendment is made it carries with it the presumption that the legislature intended the statute thus amended to have a meaning different than theretofore accorded it." *United Pacific Ins. Co. v. Bakes,* 57 Idaho 537, 546, 67 P.2d 1024, 1029 (1937). *See also Moody v. State Highway Dept.,* 56 Idaho 21, 48 P.2d 1108 (1935); *In re Segregation of School Dist. No. 58,* 34 Idaho 222, 200 P. 138 (1921).

The language of I.C. § 63–3024 (except for the words "computed as required" in lieu of "as set forth in") remained the same when I.C. § 63–3027A was amended effective tax year 1985 and then amended back to its identical pre–1985 language for years subsequent to 1987.

If we were to hold in favor of the Tax Commission's position, we would have to read I.C. § 63–3024 as requiring a nonresident to compute tax on his or her total source adjusted gross income in 1985, 1986 and 1987, but to compute tax only on his or her Idaho source adjusted gross income in periods prior to and subsequent to these years.

We cannot read these words to have one meaning for the periods involved and another meaning in all other years.

We do not find that the result of the literal reading of the statutes for the tax years involved renders a "palpably absurd" result.

## THE FORCE OF THE REGULATIONS OF THE STATE TAX COMMISSION

The State Tax Commission urges that its Regulations 14 and 27A fill gaps left by the legislature when it amended I.C. §§ 63–3024 and 63–3027A, and that these regulations, when made operative in concert with those code sections, "provide a reasonable method of calculating the tax for nonresidents, in harmony with legislative intent."

Our analysis of the statutes in question does not lead us to the conclusion that there are "gaps" that need to be filled. Clearly the State Tax Commission, pursuant to I.C. § 63–3039A, has the authority to prescribe rules and regulations for the enforcement of the tax.

Regulation 14 (IDAPA 35.01.14) (1985) is a regulation that changes the provisions of I.C. § 63–3024 to provide that a nonresident "shall compute the tax on taxable income as required for Idaho residents under section 63–3024, Idaho Code." This language has the effect of striking from the statute on a nonresident individual, the limitation "derived from sources within the state of Idaho."

■ This Court will not enforce a regulation that is, in effect, a rewriting of the statute. *Bogner v. State Dept. of Revenue & Taxation, State Tax. Com.,* 107 Idaho

854, 693 P.2d 1056 (1984); *Ware v. State Tax Com.,* 98 Idaho 477, 567 P.2d 423 (1977); *Idaho Compensation Co. v. Hubbard,* 70 Idaho 59, 211 P.2d 413 (1949).

Therefore, this Court reverses the decision of the district court in the case of *Edward J. and Katherine Moses v. Idaho State Tax Commission* and affirms the decision of the district court in the case of *Frank C. and Jeannine Clark, Jr. v. Idaho State Tax Commission.*

Costs to appellants Moses and respondents Clark.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.