808 P.2d 1297

**Willard I. and Patricia HAMILTON, husband and wife, Plaintiffs-Appellants,**

v.

**IDAHO STATE TAX COMMISSION, Defendant-Respondent.**

No. 18331.

Supreme Court of Idaho.

Feb. 22, 1991.

Rehearing Denied April 29, 1991.

Green Law Offices, Ctd., Cumer L. Green (argued), Boise, for plaintiffs-appellants.

Jim Jones, Atty. Gen., Lenard L. Wittlake, Deputy Atty. Gen. (argued), Boise, for defendant-respondent.

BAKES, Chief Justice.

Appellants Willard and Patricia Hamilton (taxpayers) are non-resident Idaho taxpayers residing in Clarkston, Washington. The taxpayers were audited and a deficiency determination was issued against them. The taxpayers paid the deficiency and filed a protest with the Idaho State Tax Commission, arguing that the allocation formula used by the Tax Commission was incorrect. The Tax Commission reconfirmed the allocation formula it had used. The taxpayers appealed to the district court which affirmed the ruling of the Tax Commission. The taxpayers now appeal to this Court.

The taxpayers are non-residents of the State of Idaho. Mr. Hamilton was a salaried employee of Potlatch Corporation during 1983, 1984 and 1985, the years in question. Mr. Hamilton worked primarily in the tax department at Lewiston, Idaho, as a timber evaluation expert. In 1983 and 1984 the taxpayers filed Idaho non-resident income tax returns, reporting and paying taxes on all their Potlatch income. These returns were amended in 1985 to reflect an allocation of a portion of their income between Idaho and non-Idaho sources.

In February 1987, the Tax Commission audited the 1983, 1984 and 1985 Idaho income tax returns filed by the taxpayers. As a result, on April 13, 1987, the Tax Commission issued a notice of deficiency determination to the taxpayers, proposing additional income taxes, penalty and interest of $2,793.00 for 1983 through 1985.

The taxpayers filed a protest and petitioned for a redetermination with the Commission on May 12, 1987, pursuant to I.C. § 63–3045. The Commission's redetermination decision of December 8, 1987, affirmed the audit findings and assessed the tax, penalty and updated interest.

On December 28, 1987, the taxpayers sought judicial review of the Commission's decision by filing a complaint in Ada County as provided by I.C. § 63–3049. On June 6, 1989, the matter was tried before District Judge Bail. One issue before the district court was whether Washington residents should be allowed to allocate a portion of their Idaho salary to Washington for those days where the taxpayer was not actually performing service in Idaho. A second issue dealt with the so-called "double dip" method of computing a non-resident's Idaho tax. *See Moses/Clark v. Idaho State Tax Comm'n*, 118 Idaho 676, 799 P.2d 964 (1990).

Appellants raised the following two issues on appeal: (1) whether the district court erred in its determination of the allocation formula that should be used in determining how much of a non-resident's income is allocable to Idaho sources when the non-resident taxpayer is a salaried taxpayer and "on call" 365 days a year; and (2) whether the district court erred in its interpretation of I.C. §§ 63–3024 and 63–3027A as those sections affect the calculation of non-resident Idaho income taxes for the year 1985. At oral argument both parties agreed that the second issue was resolved by this Court's holding in *Moses/Clark v. Idaho State Tax Comm'n*, 118 Idaho 676, 799 P.2d 964 (1990). Accordingly, we need only address the first issue.

I.C. § 63–3002 states that the legislature's intent is to impose "a tax ... on the

income of non-residents which is the result of activity within or derived from sources within the state." I.C. § 63–3024 then imposes an income tax on non-resident income derived from sources within the State of Idaho. With respect to the term "sources," we have previously stated:

> The word "sources" when used in statutes dealing with sources of income as compensation for personal services has reference not to the person or entity paying for the services, *but to the location where the services are performed.*

*Gee v. West,* 90 Idaho 173, 177–178, 409 P.2d 116, 121 (1965) (emphasis in original).

Regarding the location where his services were performed, Hamilton argues that he was "on call" to Potlatch 365 days a year, and therefore a portion of his Potlatch salary, representing all the days when he was not working in Idaho, including weekends, holidays, vacations, etc., should be allocated to sources outside Idaho. Hamilton maintains that being "on call" was an express provision of his employment, and that being on call at all times was a service by him whether he was actually engaged in the performance of work for Potlatch or not. Hamilton argues that a portion of his income must be allocated to Washington for those "on call" days.

On the other hand, respondent argues that only those days in which Hamilton was actually engaged in the performance of a service for Potlatch (duty days) is compensable time, and only compensable time should be allocated.

The parties' respective arguments can be illustrated by means of the following formulae:

$$\text{Taxpayer's claim: } \frac{\text{Days Working in Idaho}}{365} \times \text{Salary} = \text{Idaho Salary}$$

$$\text{Tax Commission's claim: } \frac{\text{Days Working in Idaho}}{\substack{\text{Total Work Days (which}\\ \text{excludes weekends,}\\ \text{holidays, vacations \&}\\ \text{sick leave)}}} \times \text{Salary} = \text{Idaho Salary}$$

The question we face on appeal, then, is what figure is required to be placed in the denominator by I.C. §§ 63–3002 and 63–3024. The district court found that while Hamilton has, from time to time, worked evenings and weekends at the Potlach facility and at his Clarkston home, "there is no evidence that he was required to render services on his non-work week time exclusively for Potlatch, nor is there evidence that he was actually called on anything other than an occasional basis. In fact, on his off hours time, he ran another business." The district court concluded that:

> "As an incident of his primary function, he must also remain available or "on call." To the extent that he is actually called to perform services as a result of his "on call" status, the compensation must be allocated to the place where the services are rendered. If they are rendered out of state, then his income is not Idaho source income. The relevant days are the days in which he actually performs services for his employer, not all of the days in which he might theoretically have been asked to perform services. The plaintiff's availability to perform services by itself is not sufficient to constitute the performance of services...."

The district court concluded that the denominator of the statutory allocation formula should be "the days in which he actually performs services for his employer, not all of the days [365 days] in which he might theoretically have been asked to perform services." We conclude that the findings of the district court are not clearly erroneous. The evidence in the record before us establishes that Hamilton seldom had to perform any services for Potlatch on weekends or holidays, and that he had a signifi-

cant degree of control over his own schedule, setting the time and place of his services to the point that he was not prevented from engaging in other employment activities while being "on call" for Potlatch. Thus, on the facts of this case, we uphold the district court's finding that only the days in which Hamilton actually engaged in the performance of services (duty days), and not all the days in the year (365) was the appropriate figure in the denominator of the statutory allocation formula.

The decision of the district court is affirmed. Costs to respondent. No attorney fees on appeal.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.