961 P.2d 660

**IDAHO STATE TAX COMMISSION, Plaintiff–Respondent,**

v.

**Gary Bruce BEACOM, Defendant– Appellant.**

**No. 23010.**

Court of Appeals of Idaho.

June 25, 1998.

---

1. Campbell does not contend that his waiver was involuntary or was made without an understanding of his rights.

Benjamin C. Rice, Boise; Lowell H. Becraft, Jr., Huntsville, Alabama, for appellant. Lowell H. Becraft, Jr., argued.

Alan G. Lance, Attorney General; Lawrence G. Wasden, Deputy Attorney General, Boise, for respondent. Lawrence G. Wasden argued.

LANSING, Chief Judge.

This is an appeal from a writ of mandate ordering the appellant to file state income tax returns. The appellant contends that he may not lawfully be compelled to file such returns because neither the Idaho statutes nor properly promulgated administrative rules require disclosure of the information called for on the tax return form.

## BACKGROUND

In January 1996, the Idaho State Tax Commission (the Commission) petitioned the district court pursuant to Idaho Code Section 63–3030A for a writ of mandate requiring Gary Bruce Beacom to file state income tax returns for 1992, 1993, and 1994. The district court conducted an evidentiary hearing on the matter. At the hearing, the Commission presented evidence that Beacom was a resident of Idaho from 1992 through 1994 and during those years received substantial income from his work within the state. Beacom did not present any evidence in his own defense. However, at the close of the State's evidence, Beacom made a "motion for a directed verdict." Beacom argued that Idaho income tax Form 40, the individual income

tax return form prescribed by the Commission, is a "rule" which, to be effective, must be promulgated in compliance with the Idaho Administrative Procedure Act, I.C. §§ 67–5201 to –5292 (1993, 1994); §§ 67–5201 to –5218 (1992) (the Act).[1] According to his argument, because the Commission did not promulgate this form[2] as a rule, it is void and the disclosure of the information called for by the tax return form cannot be compelled by the courts. The district court rejected Beacom's position and issued a writ of mandate directing him to file state income tax returns for the three years in question.

## ANALYSIS

On appeal, Beacom renews his challenge to the validity of Form 40 and his assertion that because the form has not been duly promulgated as an agency rule, the courts may not legally compel Beacom to file a tax return. Beacom's argument presents a pure question of law for our consideration. Because only a question of law is raised, we exercise free review.[3] *Moses v. Idaho State Tax Com'n*, 118 Idaho 676, 677, 799 P.2d 964, 965 (1990); *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App. 1986).

Beacom points out that state agency rules can be adopted only in accordance with the procedures prescribed in the Act, which include public notice and the opportunity for public comment on proposed rules, followed by publication of final rules. *See* I.C. § 67–5203 to –5231 (1993, 1994); I.C. § 67–5202 to –5206 (1992). He maintains that Form 40 is a "rule" which "implements, interprets, or prescribes ... law or policy, or ... the procedure or practice requirements of an agen-

1. The Idaho Legislature substantially revised the Idaho statutes on administrative rulemaking procedures, effective in July 1993. 1992 Idaho Sess. Laws ch. 263.

2. The design of Form 40 was quite uniform throughout the three years in question, but slight changes in the form were made each year. For convenience we will refer to "Form 40" in the singular while recognizing that three separate, but similar, forms are actually at issue.

3. As noted above, Beacom raised this issue in the form of a motion for a directed verdict, a type of

motion that is appropriate only in cases tried before a jury. I.R.C.P. 50(a). In a case tried to the court, a defendant may move for involuntary dismissal at the close of the plaintiff's evidence pursuant to I.R.C.P. 41(b). Here, the district court stated that because there was no jury, the argument on Beacom's motion would be treated as his closing argument. Although perhaps the trial court should have recharacterized the argument as a Rule 41(b) motion rather than as closing argument, the distinction is of no practical consequence.

cy," I.C. § 67–5201(16)(a) and (b) (1993, 1994),[4] because the form requires disclosure of information by citizens that is not required elsewhere in the law. That is, Beacom contends that neither the Idaho statutes nor duly promulgated rules of the Commission expressly compel citizens to disclose their income and other information required by Form 40, and therefore the Commission's efforts to impose this disclosure requirement through the use of Form 40 purports to give Form 40 the force of law. According to Beacom's theory, because Form 40 was not promulgated as a rule in compliance with the Act, it is of no legal effect and he may not be compelled to disclose the information required by the form. It is undisputed that a purported rule not adopted in substantial compliance with the Act is voidable. *See* I.C. § 67–5231(1) (1993, 1994); I.C. § 67–5203(g) (1992).

Although Beacom's theory is inventive, we do not find it persuasive. Beacom's argument fails because his underlying premise—that Idaho law did not otherwise require disclosure of information required by Form 40—is faulty. During the years in question, an Idaho statute expressly required the filing of tax returns. Idaho Code Section 63–3030(a) specified that "[r]eturns with respect to taxes measured by income in this act shall be made" by various persons and entities, including resident individuals having a gross income exceeding a specified amount. Although the statutes did not expressly state that the return must report income, claimed deductions, and other information necessary for computation of tax liability, such disclosure is inherent in the requirement of a tax return. The term "income tax return" is defined by BLACK'S LAW DICTIONARY 765 (6th ed.1990), as "[f]orms required by federal and state taxing authority to be completed by taxpayer, *disclosing all items necessary for computation of tax* and the computation itself." This definition is, we believe, in accord with the common understanding of the term. When construing

words used in statutes, we assign to them their plain and ordinary meaning unless to do so would reach an absurd result. *Walker v. Hensley Trucking*, 107 Idaho 572, 691 P.2d 1187 (1984); *Atkinson v. State*, 131 Idaho 222, 224, 953 P.2d 662, 664 (Ct.App. 1998). Hence, the statutory directive that individuals must file income tax returns encompasses a requirement of disclosure of all information necessary for computation of the individual's tax liability as that liability is defined by statutory provisions, such as those in chapter 30, title 63 of the Idaho Code, regarding components of income, deductions, exemptions, tax credits and tax computation.

Moreover, rules promulgated by the Commission pursuant to the Act also address the requirements for a valid income tax return. These rules provide, among other things, that the return "must contain a computation of the tax liability and sufficient supporting information to demonstrate how that result was reached," I.D.A.P.A. 35.01.01.097.03.e (1993, 1994); I.D.A.P.A. 35.01.30.c.v.c (1992) and that "[a] return that does not provide sufficient financial information to compute a tax liability does not constitute a valid tax return." I.D.A.P.A. 35.01.01.097.03.d (1993, 1994); I.D.A.P.A. 35.01.30.c.iv (1992). Although these rules do not specify, line by line, the information required by Form 40, they plainly state a requirement that the taxpayer report all applicable components of income, and any deductions, credits and tax exemptions claimed by the taxpayer.

Further, a Commission rule requires that taxpayers attach copies of their federal income tax returns to their state returns.[5] I.D.A.P.A. 35.01.01.097.03.a (1993, 1994); I.D.A.P.A. 35.01.30.c.i (1992). This requirement for attachment of a federal tax return automatically compels disclosure of any information contained in that return, including the taxpayer's federal adjusted gross income, which is the starting point on Form 40 for computation of Idaho income tax liability. It

---

4. *See also* the corresponding statute in effect in 1992, I.C. § 67–5201(7).

5. The rule states certain exceptions to this requirement that a copy of the federal income tax

return be attached. However, because Beacom has not asserted that he falls within one of these exceptions, we do not consider their relevance, if any, to this case.

is on line 9 of Form 40 (for the tax years in question) that the taxpayer is asked to state his or her federal adjusted gross income. On the lines that follow, Form 40 provides spaces to fill in additions to income, deductions, credits and computations that are necessary to calculate the individual's Idaho income tax. Each such line corresponds to one or more specific statutory provisions or promulgated rules addressing that particular factor in the determination of the tax due. The basis in the statutes or rules for each line of Form 40 following the taxpayer's name and address is identified in Appendix A hereto.

It is thus apparent that Form 40 did not require the reporting of any information for which disclosure was not already required by the tax statutes or rules of the Commission. The form did not add to, subtract from, or alter the components of income, deductions, credits or tax computations set out in the statutes and rules. It was merely a convenient format to present the information required to calculate and demonstrate the tax liability that is otherwise imposed by law. Moreover, the Commission rules provided that taxpayers could file a return in a format other than Form 40, provided they obtained permission of the Tax Commission in advance. I.D.A.P.A. 35.01.01.097.04 (1993, 1994); I.D.A.P.A. 35.01.30.d (1992). Notably, the district court did not order Beacom to file a Form 40; it ordered him to file "income tax returns" as required by the statutes and rules.

Beacom cites several cases from other jurisdictions in support of his contention that a form can be, in effect, an administrative rule and that if such form is not properly published, it is unenforceable. *See, e.g., United States v. Reinis,* 794 F.2d 506 (9th Cir.1986); *United States v. Two Hundred Thousand Dollars ($200,000) in United States Currency,* 590 F.Supp. 866 (S.D.Fla.1984); *Dep't of Business Regulation v. Martin County Liquors, Inc.,* 574 So.2d 170 (Fla.Dist.Ct.App. 1991). While we do not quarrel with these general propositions, the authorities upon which Beacom relies are inapposite. In those cases, the forms at issue required citizens to supply information or take action not otherwise compelled by statutes or properly adopted rules. The courts held that to give such forms the effect of law, the agencies would have to adopt the forms as administrative rules in accordance with applicable administrative procedure statutes. Absent the appropriate promulgation of rules creating the requirements that the agency sought to impose through the forms, the courts would not hold citizens accountable for failing to comply. These cases are readily distinguishable from the circumstance presented here, where the Idaho tax statutes and Commission rules, without regard to Form 40, impose the obligation that individuals file income tax returns and therein divulge the financial information necessary for determination of their income tax liability.

In conclusion, Form 40 is not the sole instrument by which the state has sought to require individuals to file income tax returns and to disclose therein the financial information from which individual income tax liability can be computed. Therefore, regardless of whether Form 40 should have been promulgated as an agency rule under the Act, Beacom was obligated by statute and rule to file income tax returns that divulged the financial information necessary for calculation of his income tax for the years in question. Beacom made no effort to file any type of return using either a Form 40 or any alternative reporting format. The district court therefore properly issued its writ of mandate compelling Beacom to comply with the law.

## ATTORNEY FEES

The Commission has requested that we award attorney fees on appeal under I.C. § 12–121, I.R.C.P. 54(e)(1), and I.A.R. 41. However, because we do not find that this appeal was frivolous, unreasonable or without foundation, we make no grant of attorney fees. *See Hanf v. Syringa Realty,* 120 Idaho 364, 370, 816 P.2d 320, 326 (1991); *Minich v. Gem State Developers,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

## CONCLUSION

We find no error in the district court's determination that Beacom was lawfully obli-

gated to file state income tax returns for the years 1992, 1993, and 1994. Therefore, the district court's writ of mandate is affirmed.

Costs are awarded to respondent pursuant to I.A.R. 40.

PERRY and SCHWARTZMAN, JJ., concur.

## APPENDIX A

| Line on 1994 Idaho Individual Income Tax Form 40 [6] | Authority in Idaho Code or Idaho Administrative Code (Idaho Tax Commission Rules) [7] |
| --- | --- |
| Fiscal year | I.C. § 63–3010; I.D.A.P.A. 35.01.01.13.01 |
| Social security number | I.D.A.P.A. 35.01.01.097.03B (1993, 1994); I.D.A.P.A. 35.01.S30.c..ii (1992) |
| School district | I.C. § 63–3089; I.D.A.P.A. 35.01.01.130 (1993, 1994); I.D.A.P.A. 35.01.89 (1992) |
| Lines 1–5 | I.C. § 63–3031; I.D.A.P.A. 35.02.02.097.03.a (1993, 1994) I.D.A.P.A. 35.01.30c.i. (1992); I.D.A.P.A. 35.01.01.098 (1993, 1994); I.D.A.P.A. 35.01.31 (1992); I.D.A.P.A. 35.01.01.014.05.c. (1993, 1994); I.D.A.P.A. 35.01.13.e.iii (1992) |
| Lines 6a–6c | I.D.A.P.A. 35.01.01.097.03a (1993, 1994); I.D.A.P.A. 35.01.30.c.i. (1992) |
| Line 6d | computation only; no disclosure required |
| Lines 7 and 8 | I.C. § 63–3088 |
| Line 9 | I.D.A.P.A. 35.01.01.097.03a (1993, 1994); I.D.A.P.A. 35.01.30.c.i. (1992); I.D.A.P.A. 35.01.01.019.01 (1993, 1994); I.D.A.P.A. 35.01.22 (1992) |
| Line 10 | I.C. § 63–3022(c) |
| Line 11 | I.C. § 63–3022(k) |
| Line 12 | I.C. § 63–3022(a) |
| Line 13 | *See, e.g.,* I.C. § 63–3022(n) |
| Line 14 | computation only; no disclosure required |
| Line 15 | I.C. § 63–3022(d) |
| Line 16 | I.C. § 63–3022(b) |
| Line 17 | I.C. § 63–3022(g) |
| Line 18 | I.C. § 63–3022B |
| Line 19 | I.C. § 63–3022C |
| Line 20. § 63–3029A | I.C. § 63–3022D |
| Line 21 Line 42 | I.C. § 63–3022A I.C. § [63–3024C] 63–3025 |
| Line 22 Line 43 | I.C. § 63–3022(*o*) I.C. § 63–3029B |
| Line 23 Line 44 | I.C. § 63–3025B I.C. § 63–3029C |
| Line 24 | I.C. § 63–3022H |
| Line 25 | I.C. § 63–3022I |
| Line 26 | I.C. § 63–3022(r), (s) (1994) |
| Line 27 | *E.g.,* I.C. §§ 63–3022(p); 63–3022(E) |
| Line 28 | computation only; no disclosure required |
| Line 29 | computation only; no disclosure required |
| Line 30 | carryover from Line 29; no disclosure required |
| Lines 31a, b, c | I.C. § 63–3024A |
| Line 32 | I.C. § 63–3022(1)(2) |
| Line 33 | I.C. § 63–3022(b) |
| Line 34 | computation only; no disclosure required |

**6.** This table refers to the 1994 version of Form 40 for convenience. The 1994 version requires the same information as the 1992 and 1993 versions although the line numbers vary from year to year. The 1994 version includes some deductions from income not found on the forms for 1992 and 1993.

**7.** This list of authorities is not intended to be exhaustive.

Line 35 .............................. I.C. § 63–3022(1)(1)
Line 36 .............................. computation only; no disclosure required
Line 37 .............................. computation only; no disclosure required
Line 38 .............................. computation only; no disclosure required
Line 39 .............................. I.C. § 63–3024
Line 40 .............................. I.C. § 63–3029
Line 41 .............................. I.C. § 63–3029A
Line 45 .............................. I.C. §§ 63–3029E; 63–3029F
Line 46 .............................. I.C. § 63–3029D
Lines 47, 48 ......................... computation only; no disclosure required
Line 49 .............................. I.C. § 63–2421(1)
Line 50 .............................. I.C. § 63–3621; I.D.A.P.A. 35.01.02.72.06
 (1993, 1994); I.D.A.P.A. 35.02.21,l.f (1992)
Line 51 .............................. I.C. § 63–3029B(6)
Line 52 .............................. I.C. §§ 63–3082; 63–3086
Line 53 .............................. computation only; no disclosure required
Lines 54–60 ......................... I.C. § 63–3067B
Line 61 .............................. computation only; no disclosure required
Line 62 .............................. I.C. § 63–3024A(a)
Line 63 .............................. I.C. § 63–3024A(b)
Line 64 .............................. I.C. § 63–3025D
Line 65 .............................. I.C. §§ 63–2410(5)(a); 63–2423(3)
Line 66 .............................. I.C. §§ 63–3035(e); 63–3036
Line 67 .............................. I.C. § 63–3036A
Line 68 .............................. computation only; no disclosure required
Line 69 .............................. computation only; no disclosure required
Line 70 .............................. I.C. §§ 63–3044; 63–3045; 63–3046
Line 71 .............................. computation only; no disclosure required
Line 72 .............................. computation only; no disclosure required
Line 73–74 .......................... no disclosure required; provides taxpayer
 election as to how refund will be paid