181 P.3d 435

**Charles CROWLEY, Plaintiff–Respondent,**

v.

**Anne CRITCHFIELD and Kim P. Critchfield, Defendants–Appellants.**

No. 33615.

Supreme Court of Idaho,
Boise, November 2007 Term.

Dec. 5, 2007.

Donald F. Carey and Robert Williams, Idaho Falls, for appellants. Donald F. Carey argued.

M. Lynn Dunlap, Twin Falls, for respondent. M. Lynn Dunlap argued.

W. JONES, Justice.

This action arises from a car accident resulting in a personal injury claim. Defendant/Appellant (Critchfield) admits liability for the accident; the only issues before the jury were (1) which injuries were caused by Critchfield's negligence and (2) the amount of damages. This is an appeal by Critchfield from the grant of Plaintiff's (Crowley's) mo-

tion for new trial, or in the alternative additur.

Crowley and Critchfield were involved in a motor vehicle accident on August 12, 2003. Crowley suffered personal injuries as a result of that accident. Crowley presented evidence at trial that he suffered from hip and lower back pain as a result of the accident. The jury returned a verdict for Crowley (Plaintiff) in the amount of $12,101.87 for economic damages and $0 for non-economic damages.

Prior to trial, Critchfield stipulated to a portion of the medical costs. Critchfield also stipulated to liability for the accident, leaving only causation of injuries and damages to be litigated. Critchfield disputed that all of Crowley's claimed injuries resulted from the accident. Specifically, Critchfield disputed the hip and lower back injury. During deliberations the jury submitted the following written question to the court, "[m]ay we choose any monetary value for economic damages?" Counsel stipulated to the following response: "You are to determine economic damages based on the evidence and the instructions."

■ The jury was instructed on damages as follows:

Instruction No. 16 reads:

The jury must determine the amount of money that will reasonably and fairly compensate the plaintiff for any damages proved to be proximately caused by the defendant's negligence.

The elements of damage the jury may consider are:

A. Non-economic damages
1. The nature of the injuries;
2. The physical and mental pain and suffering, past and future;
3. The impairment of abilities to perform usual activities;

B. Economic damages
1. The reasonable value of necessary medical care received and expenses incurred as a result of the injury.

Whether the plaintiff has proven any of these elements is for the jury to decide.

At trial, Crowley testified to the following regarding non-economic damages: (1) loss of physical activity (specifically, rock climbing, jet skiing and water skiing), (2) inability to lift his 28-pound son, (3) pain immediately following the accident and (4) pain in the days and months following the accident. Additionally, Crowley testified to the physical manifestation of his pain for the week following the accident, including nausea and vomiting due to the head injury.

Upon a motion for new trial, the district court found the damages were the result of jury passion or prejudice. The district court found that the Critchfields presented no evidence to support that the hip injury was not a result of the accident and that the Critchfields did not dispute that some pain and suffering occurred. The district court's findings cited the arbitrary number along with the deliberation note from the jury. The court granted Crowley's motion for a new trial, or in the alternative, additur.

The following issues are presented on appeal:

1. Whether Critchfield failed to preserve for appeal the issue of whether Crowley waived his right to challenge the verdict as inconsistent by not moving to cure the inconsistency before the jury was excused
2. Whether the judge abused his discretion when he granted the motion for new trial or additur
3. Whether Crowley is entitled to attorney's fees on appeal

■ "A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons: (5) Excessive damages or inadequate damages, appearing to have been given under the influence of passion or prejudice". I.R.C.P. —§— 59(a)(5). Rule 59(a)(5) also applies to motions for new trial on the issue of damages and for motions for additur. *O'Dell v. Basabe*, 119 Idaho 796, 805, 810 P.2d 1082, 1091 (1991) (citations omitted). A trial court must specifically state the reasons for granting a motion for a new trial, unless it is apparent in the record. *O'Dell*, 119 Idaho at 806, 810 P.2d at 1092.

The sole question on a Rule 59(a)(5) motion is the amount of the jury's damage award, as compared to the amount of damages the trial court on his view of the evidence would have awarded. Where the disparity is so great as to suggest, but not necessarily establish, that the award is what might be expected of a jury acting under the influence of passion or prejudice, the court will in the interests of justice grant a new trial or, alternatively, as a condition to denying the motion, order a remittitur, and if permissible by statutory or case law, an additur.

*Dinneen v. Finch*, 100 Idaho 620, 625, 603 P.2d 575, 580 (1979). A trial court may grant a new trial on the appearance of passion or prejudice, but does not need to factually prove that passion or prejudice existed. *Dinneen*, 100 Idaho at 625–26, 603 P.2d at 580–81.

Granting a motion for new trial is within the discretion of the trial court. *Barnett v. Eagle Helicopters, Inc.*, 123 Idaho 361, 363, 848 P.2d 419, 421 (1993) (citing *Moses v. Idaho State Tax Comm'n*, 118 Idaho 676, 677, 799 P.2d 964, 965 (1990)). Decisions within the discretion of the trial court will not be disturbed on appeal absent a showing of clear and manifest abuse of discretion. *Barnett*, 123 Idaho at 363, 848 P.2d at 421 (citing *Moses*, 118 Idaho at 677, 799 P.2d at 965). An abuse of discretion does not exist if (1) the trial court correctly perceives the issue as discretionary, (2) the trial court acts within the outer bounds of its discretion and with applicable legal standards, and (3) the trial court reaches the decision through an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The trial court is capable of weighing the demeanor, credibility, and testimony of witnesses and the evidence overall. *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986).

1. *Critchfield failed to preserve for appeal the issue of whether Crowley waived his right to challenge the verdict as inconsistent.*

Substantive issues will not be considered the first time on appeal. *Leader v. Reiner*, 143 Idaho 635, 636, 151 P.3d 831, 832 (2007). "The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal." *Murray v. Spalding*, 141 Idaho 99, 101, 106 P.3d 425, 427 (citing *Row v. State*, 135 Idaho 573, 21 P.3d 895 (2001)).

When the verdict was returned, neither party challenged the verdict as being inconsistent or suggested that the court send the jury back to clarify the verdict. The time for challenging a verdict as inconsistent is when it is returned. *Baldwin v. Ewing*, 69 Idaho 176, 180, 204 P.2d 430, 432 (1949). In Baldwin the jury returned a verdict in favor of the plaintiff, yet awarded $0 in damages. The district court granted a new trial. In reversing the district court, this court stated that "if either court or counsel considered it uncertain, the proper procedure would have been to have refused to accept the verdict and require the jury to correct it." The Court went on to state that "until a verdict is received and recorded it is not considered valid and final, and it lies in the power of the jury to alter, amend, and correct the same but not afterwards." *Id.* The Court further stated that ". . . indefiniteness of a verdict is not grounds for granting a new trial." *Baldwin*, 69 Idaho at 180, 204 P.2d at 432 (citing *Trask v. Boise King Placers Co.*, 26 Idaho 290, 142 P. 1073 (1914)). In the present case, neither side objected to the verdict as being indefinite or inconsistent. More importantly, at the time the district court heard arguments on Crowley's motion for new trial, or in the alternative additur, Critchfield did not argue that the issue of an inconsistent verdict was waived when Crowley did not object to the verdict at the time it was returned. Since this Court has consistently held that we will not consider issues that were not presented to the district court, but rather are raised for the first time on appeal, this Court will not consider Critchfield's argument that inconsistency in the verdict is not grounds for a new trial.

2. *The Judge did not abuse his discretion when he granted the motion for new trial or additur.*

A trial court's grant of new trial is evaluated for abuse of discretion. *Hudel-*

son v. Delta Int'l Machinery Corp., 142 Idaho 244, 248, 127 P.3d 147, 151 (2005) (citing *Karlson v. Harris,* 140 Idaho 561, 97 P.3d 428 (2004)). "A trial judge has wide discretion to grant or deny a request for a new trial, and we will not overturn the judge's decision absent a showing of a manifest abuse of discretion." *Hudelson,* 142 Idaho at 248, 127 P.3d at 151 (citing *Karlson,* 140 Idaho 561, 97 P.3d 428). A trial judge must state the reasons for granting or denying a motion for a new trial, unless the reasons are obvious from the record. *Collins v. Jones,* 131 Idaho 556, 558, 961 P.2d 647, 649 (1998) (citing *Quick,* 111 Idaho at 772, 727 P.2d at 1200). A conclusory statement that has no factual basis for support is not sufficient. *Pratton v. Gage,* 122 Idaho 848, 853, 840 P.2d 392, 397 (1992).

▮▮▮▮▮ Rule 59(a)(5) of the Idaho Rules of Civil procedure applies to motions for remittitur, additur or a new trial on the issue of damages based upon excessive or inadequate damages. *O'Dell,* 119 Idaho at 805, 810 P.2d at 1091 (citations omitted).

[I]f the trial judge discovers that his determination of damages is so substantially different from that of the jury that he can *only* explain this difference as resulting from some unfair behavior, or what the law calls "passion or prejudice," on the part of the jury against one or some of the parties then he should grant a new trial.

*Quick,* 111 Idaho at 769, 727 P.2d at 1197 (emphasis in original). A trial court's grant of additur is reviewed for abuse of discretion. *Collins,* 131 Idaho at 558, 961 P.2d at 649.

The determination of the question of excessiveness of an award by the jury first requires of the trial judge an examination as to the sufficiency of the record to sustain the award; then if he does determine the record is insufficient to sustain the award, he must next determine the amount of the award the record does sustain. The determination of proper recompense for pain and suffering in a personal injury action is one of great difficulty to the trial court. While such a determination in the first instance has been recognized repeatedly by this court as peculiarly within the province of the jury, . . . Yet *the trial court has the responsibility to weigh the evidence* and make the determination whether the evidence supports the verdict.

*Dinneen,* 100 Idaho at 623, 603 P.2d at 578 (some emphasis original) (quoting *Mendenhall v. MacGregor Triangle Co.,* 83 Idaho 145, 150, 358 P.2d 860, 862 (1961)).

Here, the district court had the authority to grant a new trial under Rule 59(a) for excessive or inadequate damages that resulted from passion or prejudice. *See* I.R.C.P. 59(a). The grant of a motion for new trial may also be conditioned on the acceptance or rejection of an additur. I.R.C.P. 59.1; *Collins,* 131 Idaho at 558, 961 P.2d at 649. The judge also recognized the outer bounds of his discretion by correctly stating the standard for evaluating a motion for new trial or additur as dictated by this court in *Collins.* The judge reached his decision through an exercise of reason. Specifically, he found (1) Critchfield presented no evidence to dispute pain and suffering, (2) clearly, some pain and suffering was experienced, (3) Critchfield presented no evidence to support other causes of the injuries, and (4) the jury awarded an arbitrary amount in damages that failed to include any non-economic damages even though it is obvious from the record that at least some pain and suffering existed.

The judge did not abuse his discretion in awarding a new trial or additur. The district court opinion illustrates that Judge Higer correctly analyzed the damage issue, following the steps outlined in *Collins.* He first determined that the record did not support the damages award and next determined the amount of the award he believed the record did support. He then determined that the amount awarded by the jury was less than one-fifth of what the district court determined was proper and that the disparity "shocks the conscience [of] the court." The trial court is clearly in a better position than this Court to weigh testimony, observe the witnesses and determine whether the evidence supports the verdict.

*3. Whether Crowley is entitled to attorney's fees on appeal.*

▮▮▮▮▮ Crowley makes a claim for attorney's fees under I.C. §§ 12–120 and –121 and

Idaho Appellate Rule 41. Crowley has failed to show why he is entitled to attorney's fees under I.C. § 12–120. Under I.C. § 12–121, a party is entitled to attorney's fees if the appeal merely invites the appellate court to second guess the trial court on the weight of evidence. *Anderson v. Larsen,* 136 Idaho 402, 408, 34 P.3d 1085, 1091 (2001) (citing *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.,* 118 Idaho 116, 120, 794 P.2d 1389, 1393 (1990)). Attorney's fees may also be awarded if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Callaghan v. Callaghan,* 142 Idaho 185, 191, 125 P.3d 1061, 1067 (2005). I.C. § 12–121 grants the court the discretion to award attorney's fees.

Critchfield failed to raise any issues other than to invite this Court to second guess the trial court's findings of fact. This Court finds it is appropriate and within its discretion to award attorney's fees to Crowley under I.C. § 12–121 on appeal.

For the foregoing reasons, this Court affirms the district court's order of new trial or additur. Crowley is awarded costs and attorney's fees on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, concur.