127 P.3d 147

**Jonathon L. HUDELSON,**
**Plaintiff–Respondent,**

v.

**DELTA INTERNATIONAL MACHINERY CORPORATION, a Minnesota corporation; Brambilla Lease Systems, Inc., a Minnesota corporation; John R. Phibbs, an individual; XYZ Business Entities 1 through 10; and John or Jane Does 1 through 10, Defendants–Appellants.**

**No. 30829.**

Supreme Court of Idaho,
Twin Falls, November 2005 Term.

Dec. 22, 2005.

Eberle, Berlin, Kading, Turnbow, McKlveen & Jones, Boise, for appellants. Warren E. Jones argued.

Hepworth, Lezamiz & Janis Chtd, Twin Falls, for respondent. Benjamin J. Cluff argued.

EISMANN, Justice.

This is an appeal from the district judge's order granting a new trial following a jury verdict in favor of the Defendants. The Defendants also challenge various evidentiary rulings by the district judge in the event we affirm the grant of a new trial. We affirm the district judge in all respects.

## I. FACTS AND PROCEDURAL HISTORY

This case arose from a traffic accident that occurred on June 15, 2000, at the intersection of Harrison Street and 3600 North Road near Twin Falls. On a map, the intersection would appear as an inverted T, with 3600 North Road running east and west and Harrison Street intersecting it from the north. There is a stop sign requiring vehicles traveling south on Harrison Street to stop before entering 3600 North Road.

At the time of the accident, John Phibbs was an employee of Delta International Machinery Corporation and was driving a rented Plymouth Voyager van in the course and scope of his employment. He had as passengers in the van Bud and Angela Anderson, who owned real property located at the northeast corner of the intersection. Their property included a shop, which was accessed from Harrison Street, and a residence, which was accessed from 3600 North Road by a circular driveway.

Mr. Phibbs had driven from the Andersons' shop onto Harrison Street and traveled south to the stop sign, where he waited for an eastbound, slow-moving vehicle to pass. Once the vehicle passed, he turned east onto 3600 North Road, and then continued to turn into the circular driveway in front of the Andersons' house. At the same time, the Plaintiff had just left his girlfriend's house and was traveling eastbound on 3600 North Road in a Geo Tracker. As the Plaintiff attempted to pass the van, the van crossed the centerline, and the vehicles collided. The Plaintiff was seriously injured.

The Plaintiff filed this action against Mr. Phibbs, his employer Delta International Machinery Corporation, and the van's owner Brambilla Lease Systems, Inc. (Defendants). The primary issues regarding liability were: (1) whether the Plaintiff was exceeding the speed limit, (2) how far the Plaintiff was from the intersection when Mr. Phibbs turned onto 3600 North Road, and (3) whether Mr. Phibbs had signaled his turn into the circular driveway. At the conclusion of the trial, the jury found the Plaintiff 66.7% the cause of the accident and Mr. Phibbs 33.3% the cause of the accident. The district judge granted the Plaintiff's motion for a new trial, and the Defendants appealed.

## II. ISSUES ON APPEAL

A. Did the district judge abuse his discretion in granting a new trial?

B. Did the district judge abuse his discretion in excluding from evidence a witness's statement that she believed Mr. Phibbs had pulled out safely onto 3600 North Road?

C. Did the district judge abuse his discretion in denying the Defendants' request to have the jury view the scene of the accident?

D. Did the district judge abuse his discretion in refusing to permit the Defendants to offer the Plaintiff's driving record into evidence?

E. Did the district judge abuse his discretion in refusing to permit the Defendants to offer evidence that the Plaintiff had an argument with his girlfriend prior to the accident?

F. Did the district judge err in holding that the Plaintiff was not negligent *per se* for passing in an intersection in violation of Idaho Code § 49–635(1)(b)?

G. Did the district judge err in holding that former Idaho Code § 49–673(6) is constitutional?

H. Did the district judge abuse his discretion in refusing to permit Mr. Phibbs, Mrs. Anderson, and Mr. Anderson to give their opinions as to the speed of the Plaintiff's vehicle?

I. Did the district judge err in failing to award the Defendants court costs?

## III. ANALYSIS

### A. Did the District Judge Abuse his Discretion in Granting a New Trial?

■ The district judge granted the new trial on the ground that the evidence was insufficient to justify the verdict. I.R.C.P. Rule 59(a)(6). A trial judge may grant a new trial on that ground if, after making his or her own assessment of the credibility of the witnesses and weighing the evidence, the judge determines that the verdict is not in accord with the clear weight of the evidence. *Karlson v. Harris,* 140 Idaho 561, 97 P.3d 428 (2004). The judge is not required to view the evidence in the light most favorable to the jury's determination, but may grant a new trial even if there is substantial evidence supporting the verdict. *Id.* The judge must also conclude that a different result would follow a retrial. *Heitz v. Carroll,* 117 Idaho 373, 788 P.2d 188 (1990).

■ When reviewing a trial judge's grant of a new trial on appeal, this Court applies the abuse of discretion standard. *Karlson v. Harris,* 140 Idaho 561, 97 P.3d 428 (2004). A trial judge has wide discretion to grant or deny a request for a new trial, and we will not overturn the judge's decision absent a showing of a manifest abuse of discretion. *Id.* Although we will review the evidence, we primarily focus upon the process used by the trial judge in reaching his or her decision, not upon the result of that decision. *Id.* The trial judge is in a far better position than we to weigh the demeanor, credibility and testimony of witnesses and the persuasiveness of all the evidence. *Id.* Therefore, we do not weigh the evidence. Our inquiry is: (1) whether the trial judge correctly perceived the issue as one of discretion; (2) whether the trial judge acted within the outer boundaries of his or her discretion and consistently with the legal standards applicable to the specific available choices; and (3) whether the trial judge reached his or her decision by an exercise of reason. *Id.*

In this case, the trial judge correctly perceived that the decision to grant or deny the motion for a new trial was one of discretion. His decision was based primarily upon his assessment of the credibility of the witnesses regarding three issues.

■ One issue regarding liability was the speed at which the Plaintiff was driving at the time of the collision. There were two cars following the Plaintiff's vehicle. The car immediately behind his was being driven by Nicole Victor and the other was being driven by Laura Caudill, the Plaintiff's girlfriend. They both testified that the Plaintiff's car was traveling at the speed limit of 45 mph. The Defendants presented evidence from an accident reconstructionist who expressed his opinion that the Plaintiff's car was traveling at 71 mph at the time of the collision. The Plaintiff presented opinion testimony from two experts who disagreed with the Defendants' expert regarding the speed of the Plaintiff's vehicle. They put the speed of the Geo at about 45 mph.

Another issue was how far the Plaintiff was from the intersection when Mr. Phibbs turned onto 3600 North Road. Mr. Anderson

was sitting in the middle of the van's middle seat. Both he and Mr. Phibbs testified that prior to pulling out from the stop sign, they saw a vehicle coming from the west that was approximately one-fourth of a mile away. Mrs. Anderson, who was sitting in the front passenger seat of the van, testified that when the van stopped at the stop sign, she looked both ways and did not see any vehicle coming from the west. The Plaintiff testified that the van pulled out in front of him and he tried to pass it to avoid hitting it. Nicole Victor, who was driving immediately behind the Plaintiff, testified that she had to brake to avoid colliding with the van. This issue is related to the speed of the Plaintiff's vehicle because it would have to have been traveling at about 70 mph to cover the quarter-mile distance during the period of time that Mr. Phibbs was negotiating his turn.

The third issue was whether Mr. Phibbs had signaled his turn into the circular driveway. Mr. Phibbs and Mr. Anderson both testified that Mr. Phibbs had turned on his left blinker before turning onto 3600 North Road. The dispute was whether the blinker remained on throughout his turn, including when he crossed the centerline to enter the Anderson's driveway. Mr. Phibbs and the Andersons testified that Mr. Phibbs made one continuous turn, in which circumstance the van's blinker would have remained on throughout the turn. The Plaintiff offered evidence of their prior statements that indicated Mr. Phibbs made two turns instead of one continuous turn. The Plaintiff testified that the van's turn signal was not on when he swerved to avoid the van.

The district judge explained his assessment of the testimony and concluded that the witnesses whose testimony favored the Plaintiff were more credible than those favoring the Defendants. The district judge also pointed to other factors, such as that Mr. Phibbs did not look in his rearview mirror prior to crossing the centerline to turn into the Andersons' driveway.

After thoroughly explaining his evaluation of the credibility of the witnesses, the district judge concluded that the testimony favoring the Plaintiff was more credible than that

favoring the Defendants and that a different result would likely occur in a new trial.

The Defendants quibble with the judge's evaluation of the credibility of the witnesses, arguing that they impeached some of the witnesses the judge found credible. The testimony of Mr. Phibbs and the Andersons was also impeached on key points, however. The Defendants have failed to show that the district judge manifestly abused his discretion in granting a new trial. We affirm that decision.

The Defendants also challenge various rulings made by the district judge. Because those same issues may arise on retrial, we will address them.

**B. Did the District Judge Abuse his Discretion in Excluding from Evidence a Witness's Statement that She Believed Mr. Phibbs Had Pulled Out Safely onto 3600 North Road?**

 The day after the accident, Nicole Victor was interviewed by the police. In her interview, she stated that the van pulled out safely onto 3600 North Road from Harrison Street. The district judge granted the Plaintiff's motion to exclude that portion of her statement on the ground that it was not admissible under Idaho Rule of Evidence 701 because it was not helpful to a clear understanding of Ms. Victor's expected testimony or to the determination of a fact in issue.

 We review a trial judge's decision on whether to admit lay opinion testimony under an abuse-of-discretion standard. *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 903 P.2d 730 (1995). The district judge noted that in both her interview with the investigating officer and her deposition, Ms. Victor stated that the van pulled out safely, but in her deposition she also stated that Mr. Phibbs's maneuver was unsafe. The district judge determined that Ms. Victor could testify at trial regarding what she observed, but her opinion of whether Mr. Phibbs's conduct was safe or unsafe would not be helpful to a clear understanding of her testimony or to the determination of an issue of fact. The judge therefore ruled that such opinion was inadmissible under Rule 701.

The Defendants have failed to show that the district judge abused his discretion in so ruling.

## C. Did the District Judge Abuse his Discretion in Denying the Defendants' Request to Have the Jury View the Scene of the Accident?

■ The Defendants asked the district judge to permit the jury to view the scene of the accident, and the trial judge denied that request. Whether or not to permit the jury to view an accident scene is within the sound discretion of the trial judge. *Goetz v. Burgess,* 72 Idaho 186, 238 P.2d 444 (1951). In this case, there were numerous photographs, diagrams, and measurements of the accident scene admitted into evidence. The Defendants have failed to show that the judge abused his discretion in denying their request to have the jury view the scene of the accident.

## D. Did the District Judge Abuse his Discretion in Refusing to Permit the Defendants to Offer the Plaintiff's Driving Record into Evidence?

■ The Defendants sought to offer into evidence the Plaintiff's driving record, which showed a stop sign violation and a speeding violation in 1996, two speeding violations in 1997, a speeding violation in 1998, and a speeding violation in 1999. They contended that such evidence was admissible to show the Plaintiff's habit of speeding and to support the opinion of their vocational expert.

■ The district judge held that the Plaintiff's driving record was not admissible to show he had a habit of speeding, and we agree. Evidence of past law violations is inadmissible to show a person's character in order to show he or she has a propensity to commit that type of crime or committed it on the day in question. *State v. Hairston,* 133 Idaho 496, 988 P.2d 1170 (1999); I.R.E. 404(b). Evidence of a habit of a person is relevant to prove that the person's conduct on a particular occasion was in conformity with the habit. I.R.E. 406. There is a difference between a person's habit and his or her character. *Petricevich v. Salmon River Canal Co.,* 92 Idaho 865, 452 P.2d 362 (1969).

"A habit is a person's regular practice of responding to a particular situation with a specific kind of conduct." *State v. Sheahan,* 139 Idaho 267, 277, 77 P.3d 956, 966 (2003). The Defendants have not identified the situation to which the Plaintiff regularly responded by speeding. If the situation were simply being in the driver's seat of a car, you would expect the Plaintiff to have many more speeding violations than he did. The Plaintiff's last speeding ticket was over one year prior to the accident. The Defendant's argument that the driving record was admissible to show the Plaintiff's habit of speeding was merely a thinly disguised attempt to show the jury that the Plaintiff was a person of bad character.

■ The Defendants also argue that the Plaintiff's driving record was admissible as part of the foundation for their vocational expert's testimony. They contend the expert would have testified that the driving record would have precluded the Plaintiff from pursuing his desired career in law enforcement or security. The Defendants' vocational expert did testify that the Plaintiff had worked as a security guard prior to the accident and was disciplined by his employer for inappropriate conduct. The expert also testified regarding the Plaintiff's severe learning disabilities that had been diagnosed in high school and his sporadic work history. He testified that in his opinion the Plaintiff's lack of education, past difficulty in obtaining and maintaining employment, and lack of expertise made him unqualified for a job as a law enforcement officer or airport security screener prior to the accident.

■ Rule 703 of the Idaho Rules of Evidence provides, "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." The district judge ruled that the probative value of the Plaintiff's driving record in assisting the jury to evaluate the vocational expert's opinion did not substantially outweigh the prejudicial effect of such evidence. The district

judge's conclusion in this regard is reviewed under an abuse of discretion standard. *See State v. Page*, 135 Idaho 214, 16 P.3d 890 (2000) (trial judge's conclusion of whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice is reviewed under an abuse of discretion standard). The Defendants have not shown that the district judge abused his discretion.

**E. Did the District Judge Abuse his Discretion in Refusing to Permit the Defendants to Offer Evidence that the Plaintiff Had an Argument with his Girlfriend Prior to the Accident?**

 The Defendants sought to have Mr. Anderson testify to a statement allegedly made by Ms. Caudill at the accident scene. According to Mr. Anderson, after he had knelt down beside the Plaintiff, an unidentified woman ran up and started to shake the Plaintiff. When Mr. Anderson told her not to move him, the woman stated that "she was his girlfriend, or had been, they'd had a big fight, and he just jumped in his rig and took off and he was mad." The Defendants contended that this evidence would support their contention that the Plaintiff was speeding prior to the accident. Both the Plaintiff and Ms. Caudill testified in their depositions that they did not have a fight before he left her house just prior to the accident, and Ms. Caudill testified that she had never told anyone they had such a fight or that the Plaintiff had left her house mad.

The Plaintiff filed a motion in limine to exclude Mr. Anderson's testimony regarding the statement made by the unidentified woman. The district judge ruled that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The judge also stated, however, that this was his preliminary ruling and the Defendants could again raise the issue of the admissibility of such testimony at or before trial if they saw fit.

Immediately prior to announcing his ruling, the district judge said that his ruling was tentative and they could revisit the issue at trial, but "I would certainly expect that if you desire to go against my ruling, that you would make a record appropriate outside the hearing of the jury to do so." After announcing his ruling, the judge said, "I have given counsel, I hope, the information, that they certainly can raise these issues again at trial as they see fit."

The Defendants have not pointed to any place in the record where they again raised the admissibility of Mr. Anderson's conversation with the unidentified woman. Because the district judge did not unqualifiedly rule upon the admissibility of this evidence, the Defendants were required to again raise the issue to the district judge if they wanted to preserve the issue for appeal. *Kirk v. Ford Motor Co.*, 141 Idaho 697, 116 P.3d 27 (2005). Because they did not do so, they waived any claim that it was wrongly excluded from evidence.

**F. Did the District Judge Err in Holding that the Plaintiff Was Not Negligent *Per Se* for Passing in an Intersection in Violation of Idaho Code § 49–635(1)(b)?**

 Idaho Code § 49–635(1)(b) makes it illegal to drive on the left side of the highway "[w]hen approaching within one hundred (100) feet of or traversing any intersection." The Plaintiff drove to the left side of 3600 North Road while approaching within one hundred feet of its intersection with Harrison Street and while traversing that intersection. Prior to trial, the Plaintiff moved to strike any defense that he was negligent *per se* for violating this statute. To constitute negligence as a matter of law, the statute must (1) clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation of the terms of the statute must have been the proximate cause of the injury. *Munns v. Swift Transp. Co., Inc.*, 138 Idaho 108, 58 P.3d 92 (2002). The district judge granted the motion on the grounds that the statute was not intended to prevent the type of harm that the Plaintiff allegedly caused by crossing the centerline and the Defendants were

not in the class of persons the statute was intended to protect.

This Court has held that violating a prior version of this statute by attempting to pass a left-turning vehicle in an intersection constituted negligence *per se*. *Woodman v. Knight*, 85 Idaho 453, 380 P.2d 222 (1963); *Bale v. Perryman*, 85 Idaho 435, 380 P.2d 501 (1963). We have also held that the class of persons designed to be protected by the statute included the driver of the vehicle turning left in the intersection, *Bale v. Perryman*, 85 Idaho 435, 380 P.2d 501 (1963), and persons in a stopped vehicle that was struck by the passing vehicle when its driver swerved to avoid a collision with the left-turning vehicle, *Woodman v. Knight*, 85 Idaho 453, 380 P.2d 222 (1963). We held that the prior version of the statute did not apply, however, when the passing vehicle collided with a vehicle turning left into a private road because the junction of a public and private road did not constitute a statutory intersection. *Vincen v. Lazarus*, 93 Idaho 145, 456 P.2d 789 (1969). An intersection exists at the junction of two public roads or streets. I.C. §§ 49–110(10) & 49–109(5). In this case, Mr. Phibbs was not turning left at an intersection when the accident occurred. He had already passed through the intersection and was turning left into a private driveway. The district judge did not err in holding that the statute did not apply to the facts of this case.

### G. Did the District Judge Err in Holding that Former Idaho Code § 49–673(6) is Constitutional?

■ At the time of the accident, Idaho Code § 49–673(6) provided, "The failure to use a safety belt shall not be considered under any circumstances as evidence of contributory or comparative negligence, nor shall such failure be admissible as evidence in any civil action with regard to negligence." [1] The Defendants contend that this statute violates the separation of powers doctrine embodied in Article V, § 2, of the Idaho Constitution, which provides, in part, "The legislature shall have no power to deprive the

judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government." The Defendants argue that this Court has the inherent power to establish rules of evidence and that by enacting Idaho Code § 49–673(8) the legislature invaded the exclusive province of this Court.

■ Although Idaho Code § 49–673(6) twice uses the word "evidence," it is not simply a statute attempting to regulate the admissibility of evidence. It is a statute regulating substantive law. It codified the common law rule that the failure to use a seat belt does not constitute contributory negligence or the failure to mitigate damages. *Kirk v. Ford Motor Co.*, 141 Idaho 697, 116 P.3d 27 (2005). "It is clear that, under the Idaho Constitution, the legislature has the power to modify or repeal common law causes of action." *Kirkland v. Blaine County Med. Ctr.*, 134 Idaho 464, 468, 4 P.3d 1115, 1119 (2000). "[T]he legislature also has the power to limit remedies available to plaintiffs without violating the separation of powers doctrine." *Id.* at 471, 4 P.3d at 1122. If the legislature has the constitutional authority to eliminate a common law cause of action or to limit the plaintiff's remedies, it may also provide that certain conduct by a plaintiff does not constitute negligence. That is what it has declared in Idaho Code § 49–673(6). The statute does not violate the doctrine of separation of powers.

### H. Did the District Judge Abuse his Discretion in Refusing to Permit Mr. Phibbs, Mrs. Anderson, and Mr. Anderson to Give their Opinions as to the Speed of the Plaintiff's Vehicle?

The district judge ruled that Mr. Phibbs, Mr. Anderson, and Mrs. Anderson could not express opinions regarding the speed of the Plaintiff's vehicle. None of them were able to estimate the speed of the Plaintiff's Geo based upon their observations of it traveling down the road. Mr. Phibbs testified that when he saw the Geo, it was too far away to estimate its speed. Mr. Anderson testified that he saw the Geo about a quarter-mile

---

1. In 2003, the legislature changed this subsection of the statute to subsection (8) and changed the word "belt" to "restraint." Ch. 183, § 1, 2003 Idaho Sess. Laws 497, 498.

away, but he did not attempt to estimate its speed based upon that observation. Mrs. Anderson testified she did not see the Geo before the collision. Their estimates of speed would have been based upon their determinations of how fast the Geo must have been traveling for it to have covered a quarter mile in the time that elapsed between when Mr. Phibbs pulled onto 3600 North Road and when he began turning into the Andersons' driveway. The district judge held that Mr. Phibbs and the Andersons were not qualified as experts to express their opinions as to the Geo's speed based upon their reconstructions of the accident. We agree. The district judge did not err in holding that they could not express such opinions.

## I. Did the District Judge Err in Failing to Award the Defendants Court Costs?

After the district judge granted the Plaintiff's motion for a new trial, the Defendants filed a motion asking to be awarded court costs. The district judge denied their motion because he had granted a new trial. The Defendants argue on appeal that if we reverse the grant of a new trial, we should also reverse the order denying their motion for costs. Because we have upheld the grant of a new trial, any issue of costs is premature.

## IV. CONCLUSION

We affirm the order of the district judge granting a new trial. We also affirm the district judge's rulings discussed above that were preserved for appellate review. We award costs on appeal to the respondent.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.

