**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45104**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 31, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| RONALD EUGENE VAUGHN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Ronald Eugene Vaughn appeals from his judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of paraphernalia. On the first day of trial, Vaughn made assertions related to a speculative *Miranda*[1] issue that he thought could form the basis of an untimely motion to suppress. The district court stated that it was not going to grant any motion to suppress based on what it heard regarding any alleged *Miranda* violation. On appeal, Vaughn challenges the district court's "order admitting his un-*Mirandized* statements." For the reasons set forth below, we affirm.

**I.**

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1996).

1

## FACTUAL AND PROCEDURAL BACKGROUND

Vaughn was under investigation by state and federal law enforcement officials for trafficking in heroin. As part of the investigation, a federal search warrant for a GPS tracking device was obtained and attached to Vaughn's vehicle because it was suspected that Vaughn was travelling to Salt Lake City to purchase heroin and transport it back to Idaho. Vaughn subsequently travelled to Salt Lake City and back in one day, which law enforcement tracked via the GPS. While Vaughn was driving back to Boise, a patrol officer observed Vaughn speeding and conducted a traffic stop of his vehicle. Before making contact with Vaughn, a second officer arrived to assist. A canine officer also responded, arriving almost simultaneously with the stop. The initial officer made contact with Vaughn and requested that he step out of the vehicle. The canine was deployed and alerted on the vehicle. A search of the vehicle by two of the officers uncovered heroin, methamphetamine, and drug paraphernalia.

While the search was being conducted, Vaughn sat on the guardrail nearby, talking with one of the officers. Without being questioned, Vaughn informed the officer that there was drug paraphernalia in the vehicle and admitted that the items in the vehicle were Vaughn's. The officer then asked Vaughn questions regarding his drug use, and Vaughn admitted he had used methamphetamine approximately thirty minutes prior to the traffic stop. A grand jury indicted Vaughn for trafficking in heroin, I.C. § 37-2732B(a)(6)(B); possession of a controlled substance, I.C. § 37-2732(c)(1); and possession of drug paraphernalia, I.C. § 37-2734A(1).

Vaughn filed a motion to suppress, challenging the stop, which the district court denied. The State subsequently filed an I.R.E. 404(b) motion to admit evidence of Vaughn's ongoing heroin distribution and trafficking, including post-*Miranda* statements Vaughn made during his interview with law enforcement on the day of his arrest. Vaughn objected to the State's motion as it related to evidence of prior drug trafficking, arguing the evidence was unfairly prejudicial, unnecessary, cumulative, and inflammatory. At the hearing on its I.R.E. 404(b) motion, in addition to presenting argument on its motion, the State also presented argument that the incriminating statements Vaughn made during the traffic stop should be admitted.[2] Those

---

[2] The State asserted that the statements Vaughn made during the traffic stop were not included in its motion because it did not believe the statements constituted I.R.E. 404(b) evidence.

statements included, "I have a syringe in the truck;" Vaughn's admission to using methamphetamine thirty minutes prior to the traffic stop; and Vaughn asking the officer whether Vaughn was being arrested just for a syringe. In response, Vaughn's counsel discussed statements Vaughn made during his interview with a detective and special agent as well as statements Vaughn made to the patrol officers at the time of the traffic stop:

> Your Honor, the State disclosed on Thursday the audio--redacted audio of [Vaughn's] interview with Detective Bruner and Special Agent Williams. Prior to that, I did not have any type of audio of that interview.
> [Vaughn] tells me that a lot of the information he provided to these officers [was] prior to being advised of his right to remain silent or his right to have an attorney present.
> I didn't get a chance to look into that more--in more detail. Of course, this would delay proceedings in search of another Motion to Suppress those statements if indeed they were pre-*Miranda*.
> The comments on the side of the road--again, there was no rights given at that stage. I do know that he was in police custody at the time of the questioning, and that there were no syringes located in his truck or bag.
> So, Your Honor, I think those statements are prejudicial.

The State explained that the recordings of the admissions Vaughn made during the traffic stop were provided several months prior to the hearing and the interview was disclosed the month prior. Regarding the interview, Vaughn's counsel stated it was true he received a redacted transcript of the interview and "did not think there was any *Miranda* issues; otherwise [he] would have included it in [his] motion based on those transcripts" but Vaughn recently told him Vaughn "believe[d] all those statements were pre-*Miranda*." The district court invited the State to comment on the *Miranda* warnings, to which the State responded:

> [A]s it relates to the interview of [Vaughn], he was Mirandized and that is on the audio recording of the interview before any questioning begins. And so that's what Detective Bruner and Special Agent Williams and [Vaughn] goes into significant details. Finally, about--he reiterates using meth. Initially won't answer questions about heroin but then finally does and admits picking up a half--what was determined to be a half ounce of heroin and bringing it back, and then goes into his talk about his prior trafficking conduct and distribution conduct.
> As it relates to the scene of the traffic stop, counsel is correct. [Vaughn] is not Mirandized. [Vaughn] is not handcuffed. He's sitting on the guardrail. The canine is there. They're talking about--just about everything. [Vaughn] talks about his kids, talks about Jesus Christ, talks about going to A.A. meetings. And when the officers begin searching [Vaughn], not when he's questioned, but says

himself to Officer Martinez: "There is one thing in there." And that's about 19 minutes in.

And the officer says: "What's in there?" He says: "There's a syringe." The officers are searching and so I think it's fair to infer that he's trying to warn the officers that there may be something dangerous in that truck.

And so [Officer] Martinez says: "Hey, be careful. He says there's a syringe in the truck." [Vaughn] goes on to say: "There's also a spoon." And then he talks about where it might be in the garbage bag. And so he provided this information and he was not being questioned about methamphetamine, a syringe or a spoon at the time. They were just chatting. Officer Martinez was standing there.

Thereafter, they came back and did say: "We can't find the syringe," essentially. "What garbage bag are you talking about?" So they're trying to locate what [Vaughn] told them was in there.

. . . And then it's after that [Vaughn] is asked: "Did you recently use it?" And he says he used. And then he goes on later to talk about using 30 minutes before when he's questioning whether or not he's being arrested for a syringe.

And so the traffic stop statements are not Mirandized, but it's the State's position, one, the defense has had those audios since November. The on body video and the recording from Officer Martinez were both provided in November.

So there is no good cause or excusable neglect to not raise that issue pursuant to Your Honor's scheduling order on the 12 (B) rule.

The district court stated that, based upon what it "heard," there was no *Miranda* violation "regarding the information on the tapes at the scene" because based on what it "heard," Vaughn "voluntarily disclosed those things when he was not in custody or otherwise." The district court further concluded the evidence was admissible and it was "not going to grant any Motion to Suppress or exclude that evidence," but if Vaughn had "additional information or evidence," it would be "willing to rehear the arguments." The district court's denial also included "the tapes and whatnot related to when [Vaughn] was being interviewed" because from what the district court "heard," Vaughn was "previously Mirandized." With respect to the State's timeliness argument, the district court stated that any suppression claims related to Vaughn's on-scene admissions "could have and should have been brought in a timely manner." Following trial, the jury found Vaughn guilty of all three counts alleged in the indictment. Vaughn appeals.

## II.

## ANALYSIS

Vaughn argues that, although the suppression issue was addressed in the context of the State's I.R.E. 404(b) motion, he did move to suppress his on-scene statements, and the district

4

court's denial of his motion was erroneous. The State argues that Vaughn did not file a motion to suppress his on-scene statements and, even if Vaughn's assertions at the I.R.E. 404(b) hearing could be construed as a motion, it is unclear whether the district court ruled on the motion or whether the district court was expressing its preliminary views on such a motion. Alternatively, the State argues that Vaughn has failed to show error in the denial of Vaughn's request to suppress the statements he made on-scene. We hold that Vaughn's suppression claim is not preserved for appeal.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). "This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them." *Puckett v. United States*, 556 U.S. 129, 134 (2009). Idaho Criminal Rule 12(c) governs motions to suppress and requires that such motions describe the evidence sought to be suppressed and the legal basis for suppression. Rule 12(d) also requires a motion to suppress to be filed within twenty-eight days after the entry of a plea of not guilty or seven days before trial, whichever is earlier. It is undisputed that Vaughn did not timely file a motion to suppress his on-scene statements in accordance with the requirements of I.C.R. 12. Nor did Vaughn make an oral request to suppress those statements. Rather, at the hearing on the State's I.R.E. 404(b) motion, Vaughn made comments regarding the admissibility of statements he made during the police interview and statements he made on-scene. As part of his comments, Vaughn referenced *Miranda*, but this reference related to the statements he made during his interview. The only argument Vaughn made specific to his on-scene statements was: "The comments on the side of the road--again, there [were] no rights given at that stage." Vaughn's counsel followed this comment with: "I do know that he was in police custody at the time of the questioning, and that there were no syringes located in his truck or bag." There was no indication whether this "custody" comment related to what occurred on-scene or what occurred during the interview, nor did Vaughn present any evidence in conjunction with his *Miranda*-related comments. Indeed, when discussing his interview, Vaughn's counsel stated that Vaughn told him "a lot of the information he provided" was "prior to being advised of his right to remain silent or his right to have an attorney present," but Vaughn's counsel had not had a chance to "look into that more" and doing so would "delay

5

the proceedings in search of another Motion to Suppress those statements if indeed they were pre-*Miranda*." Vaughn's counsel's speculative comments about a potential *Miranda* issue that could be the basis of a motion to suppress were not the equivalent of an actual motion to suppress.

On appeal, Vaughn argues that the manner in which his suppression claim was presented to the district court does not preclude appellate review because this Court may review any issue decided by the district court. According to Vaughn, the district court decided the suppression issue in relation to Vaughn's on-scene statements when the district court stated:

> Well, based upon what I've heard this morning, it appears to the court that there was not a violation of *Miranda* regarding the information on the tapes at the scene. From what I've heard, [Vaughn] voluntarily disclosed those things when he was not in custody or otherwise. The facts and circumstances there do not disclose a *Miranda* violation.

An exception to the rule that issues not raised below will not be considered on appeal may apply when the issue was argued to or decided by the trial court. *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998). This exception does not apply in this case because the district court could not decide a motion never presented to it. While the district court expressed its view of a potential motion to suppress Vaughn's on-scene statements, there was no actual motion to suppress before the district court and no evidence on which it could make factual findings necessary to a suppression ruling. Vaughn claims the presentation of evidence was unnecessary because the "facts were set forth in the testimony taken during the hearing on the prior motion to suppress and in the grand jury proceedings," which the district court took judicial notice of "at the hearing on the prior motion to suppress." Vaughn also asserts that the district court "made factual determinations based on what it heard during" the parties' arguments at the I.R.E. 404(b) hearing and from the on-scene recordings, which Vaughn contends the district court "apparently" took judicial notice of because the district court's ruling included the phrase "information on the tapes at the scene." Vaughn's argument that the district court's ruling was predicated on factual findings from evidence admitted in an entirely separate hearing is without merit, as is Vaughn's claim that the district court "apparently" took judicial notice of the on-scene recordings. As indicated, no evidence was presented to the district court at the hearing in which Vaughn made his *Miranda* arguments. Indeed, the district court commented on the

absence of evidence, noting it was at a "disadvantage" because it had not seen the tapes or heard the audio. Further, the record belies Vaughn's claim that the district court took judicial notice of any audio recordings. The district court's comment regarding the recordings, read in context, was: "Well, based on upon what I've heard this morning, it appears to the court that there was not a violation of *Miranda regarding the information on the tapes at the scene*." (Emphasis added.) This comment relates to the district court's conclusion based on the arguments the district court heard, not the content of the recordings. At best, the district court's comments regarding Vaughn's on-scene statements reflected an advisory or preliminary determination on admissibility, particularly in light of the court's invitation to reconsider the issue if Vaughn presented additional information or evidence. Preliminary determinations on the admissibility of evidence are not reviewable on appeal. *Hudelson v. Delta Int'l Mach. Corp.*, 142 Idaho 244, 251, 127 P.3d 147, 154 (2005) (declining to review a claim that the district court erred in an evidentiary ruling because the district court did not "unqualifiedly rule upon the admissibility of th[e] evidence").

Vaughn's arguments on appeal regarding the merits of his *Miranda* claim only emphasize the absence of evidence and our conclusion that his claim is not preserved. Vaughn's merits argument relies on evidence from the grand jury transcript and testimony from the prior suppression hearing, none of which was presented or even argued to the district court in support of Vaughn's speculative *Miranda* claim. From this, Vaughn claims he was in custody under the factors set forth in *Berkemer v. McCarty*, 468 U.S. 420 (1984), which include the location and time of the stop, the length of the interview, the nature and tone of the questioning, whether the defendant was there voluntarily, and the demeanor of the people involved. The district court did not make any factual findings pertinent to these factors, implicit or otherwise. Even if the district court had done so, any such findings would not be supported by substantial evidence because no evidence was presented in support of Vaughn's *Miranda* arguments. *See State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996) (noting that when a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found). Moreover, Vaughn never made the fact-based arguments to the district court that he now makes on appeal. Appellate court review is limited to the evidence, theories, and arguments

that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). The only argument in the transcript that is specific to Vaughn's on-scene statements is the assertion that "no rights" had been "given at that stage." It is unclear whether Vaughn's counsel's subsequent comment that counsel knew Vaughn "was in police custody at the time of the questioning" relates to Vaughn's on-scene statements as opposed to Vaughn's in-custody interview. Even if it did, Vaughn never argued, as he does on appeal, that he was in custody because of the number of officers present, the location of the stop, or the conduct of the officers. These arguments are, therefore, not preserved.[3] *See Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704.

Vaughn did not file a timely motion to suppress his on-scene statements, he did not make an oral motion to suppress those statements or offer any evidence in support of such a motion, and he did not preserve his suppression arguments in district court. Although the district court indicated it would deny any motion to suppress based on the arguments it heard, that determination was, at best, advisory and preliminary. Therefore, we decline to consider the merits of Vaughn's *Miranda* claim.

## III.

## CONCLUSION

Vaughn's speculative *Miranda* claim is not preserved and is, therefore, not reviewable on appeal. Vaughn's judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[3]    Vaughn argues that while his specific arguments in support of his *Miranda* claim have "evolved" on appeal, "that is not a reason for the appellate courts to not consider the issue raised on appeal." Vaughn relies on *Ada Cnty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 395 P.3d 357 (2017), to support this argument. In that case, the Supreme Court stated that entirely new *substantive issues* cannot be raised for the first time on appeal, but arguments in support of an issue preserved in the trial court may evolve on appeal. *Id.* at 142 n.2, 395 P.3d at 361 n.2. Even if arguments may evolve, the Supreme Court has also stated that appellate court review is limited to the evidence, theories, and arguments that were presented below. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. In this case, the issue was not properly presented below, and the evidence, theories, and arguments raised on appeal were not presented below.